

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 15, 1961

Honorable Franklin Spears
Chairman, House Committee
  on Escheat Laws
House of Representatives
Austin, Texas

Opinion No. WW-1223

Re: Traveling expenses of
    the Special House Com-
    mittee on Escheat Laws.

Dear Mr. Spears:

You have requested our opinion on whether members of House Committee on Escheat Laws are entitled to their traveling expenses.

On August 11, 1961, House Simple Resolution No. 16 was introduced. The resolving clause read as follows:

"Resolved by the House of Representatives of the State of Texas, That an Interim Study Committee be appointed by the Speaker of the House to make a thorough and complete study of the escheat laws of this State and property which may be subject thereto being held by banking institutions under a depositor-creditor relationship, for the purpose of recommending to the Legislature a fair and equitable procedure by which unknown owners and heirs may be advertised for and discovered, and by which the State may detect and obtain any of such property which rightfully belongs to the State under present escheat laws.

"Such committee shall consist of five members with a chairman to be appointed by the Speaker of the House, and it shall initiate and continue studies and hearings relating to such matters with the same authority and powers as vested in standing and special committees in the House by general law and the Legislative Reorganization Act of 1961, Chapter 303, Fifty-Seventh Regular Session (codified as Article 5429f).

"The committee is authorized to call on
any State agencies for assistance and members
shall be reimbursed for their actual and nec-
essary expenses incurred while engaged in the
work of the committee and while traveling be-
tween their places of residence and the places
where meetings of the committee are held.  These
and all other expenses of the committee shall
be paid out of the appropriation for mileage
and per diem and contingent expenses of the
Fifty-Seventh Legislature."  House Journal,
pages 53-54.

On August 12, 1961, House Simple Resolution No.
16, as above quoted, was defeated.  House Journal, pages 70-
71.  On August 14, 1961, House Simple Resolution No. 16 was
amended by striking the underlined portion quoted above, and
as amended, House Simple Resolution No. 16 was adopted.
House Journal, pages 90-91.

Section 7, House Bill 289, Acts of the 57th Legis-
lature, Chapter 303, page 654, known as the Legislative Re-
organization Act of 1961 and codified in Vernon's as Article
5429f, Vernon's Civil Statutes, reads as follows:

"Each House of the Legislature acting
individually, or the two Houses acting jointly,
shall have full power and authority to provide
for the creation of special committees to per-
form such functions and to exercise such powers
and responsibilities as shall be determined in
the Resolution creating such committee.  During
the life of a special committee it shall have
and exercise the same powers and authority as
are herein granted to standing committees, sub-
ject to such limitations as may be imposed in
the Resolution creating such special committee,
and shall have such other and additional powers
and authority as may be delegated to it by the
Resolution creating the committee, subject to
the limitations of law."

Section 20 of the said Act provides as follows:

"Members of all committees of either House
of the Legislature, or the Joint Committees of
the two Houses, shall be reimbursed for their
actual and necessary expenses incurred while
engaged in the work of the Committee and while
traveling between their places of residence and

the places where meetings of such Committee are held. Such reimbursement to members of the Committee shall be authorized only when the Legislature is not in session, unless otherwise directed by the House of the Legislature creating such Committee. All such expenses of the Committee and its members shall be paid from the appropriation for mileage and per diem and the contingent expenses of the Legislature. All such expenses shall be approved by the Chairman of the Committee and by the presiding officer of the respective House, before payment shall be authorized."

It is our opinion that the committee created by House Simple Resolution No. 16 constitutes a special committee within the meaning of Section 7 of House Bill 289, Acts of the 57th Legislature, Regular Session, 1961, Chapter 303, page 654, with full authority to perform such functions and exercise such powers and responsibilities as set out in the Resolution. Since the committee constitutes a special committee within the meaning of Section 7, the expenses of the committee are governed by the provisions of Section 20 above quoted. Item 2 of the appropriation to the House of Representatives contained in Section 1 of Article VI of Senate Bill 1, Acts of the 57th Legislature, First Called Session, 1961 (General Appropriation Act) provides:

| | "For the Years Ending | |
| --- | --- | --- |
| | August 31, 1962 | August 31, 1963 |
| "2. Per diem, other salaries and wages, consumable supplies and materials, current and recurring operating expenses, capital outlay, and other expenses for the House of Representatives during the regular session of the 58th Legislature and for the interim expenses of the 57th and 58th Legislatures. | $310,000 | $1,312,000 & U.B." |

In view of the foregoing you are advised that the committee created by the provisions of House Simple Resolution No. 16 is entitled to reimbursement for the actual and necessary expenses incurred while engaged in the work of the committee and while traveling between places of residence and places where meetings of such committee are held. You are further advised that such expenses are paid from the appropriation contained in Item 2 of the appropriation to the House of Representatives contained in Section 1 of Article VI of the General Appropriation Act.

It might be contended that since a portion of House Simple Resolution specifically provides for the payment of traveling expenses was deleted from House Simple Resolution No. 16 prior to passage shows a legislative intent that such expenses should not be paid. Since House Simple Resolution No. 16 could not have the effect of amending Section 20 of House Bill 289, Acts of the 57th Legislature, Regular Session, 1961, the deletion from House Simple Resolution No. 16, above noted, cannot affect the payment of traveling expenses to the committee.

### S U M M A R Y

Pursuant to the provisions of Section 20 of House Bill 289, Acts of the 57th Legislature, Regular Session, 1961, Chapter 303, page 654, codified in Vernon's as Article 5429f, Vernon's Civil Statutes, the special committee on escheat laws created by the provisions of House Simple Resolution No. 16, is entitled to "their actual and necessary expenses incurred while engaged in the work of the committee and while traveling between the places of residence and the places where meetings of such committee are held." Such expenses are to be paid from the appropriation contained in Item 2 of the appropriation to the House of Representatives in Section 1 of Article VI of the General Appropriation Act.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John Reeves
Assistant

JR:dhs

Honorable Franklin Spears, page 5 (WW-1223)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Milton Richardson
Bill Allen
Thomas Burrus
Robert Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.